UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT BURROUGHS,                                       Case No. 22 CV 4463
               Plaintiff,

     -against-                                                         **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE                         JURY DEMAND
MICHAEL C. ROTANZ [TAX REG. #951182],
SERGEANT CHRISTOPHER D. ESPOSITO
[TAX REG. #934833], and JOHN DOE AND
JANE DOE #1-6 (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),
               Defendants.
------------------------------------------------------------------------X

Plaintiff, ROBERT BURROUGHS, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Michael C. Rotanz [Tax Reg. #951182], Sergeant Christopher D. Esposito [Tax Reg. #934833], and John Doe and Jane Doe #1-6 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

THE PARTIES

6. Plaintiff is and was at all times material herein a resident Brooklyn, County of Kings, City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant Detective Michael C. Rotanz [Tax Reg. #951182] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant Sergeant Christopher D. Esposito [Tax Reg. #934833] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

11. Defendants John Doe and Jane Doe #1-6 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants Rotanz, Esposito, and John Doe and Jane Doe #1-6 are collectively referred to herein as "defendant officers".

13. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about June 26, 2019, at approximately 6:00 a.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of

        his home which is located at 250 Wortman Avenue, Apt. 5E, Brooklyn, New York, and charged plaintiff with PL 160.10(1) 'Robbery in the second degree', PL 160.10(3) 'Robbery in the second degree', PL 265.01(1) 'Criminal possession of a weapon in the fourth degree', and PL 155.30(8) 'Grand larceny in the fourth degree'.

15. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Prior to the arrest, plaintiff was home when defendant officers forced their way into his home without any warrant or authority.

17. Upon entry, defendant officers immediately arrested the plaintiff and tightly handcuffed the plaintiff with his hands placed behind his back.

18. Defendant officers subsequently transported the plaintiff to NYPD-113 Precinct where he was detained and interrogated by several NYPD officers.

19. Defendant officers subjected the plaintiff to an illegal and unlawful search.

20. Defendant officers' illegal search of the plaintiff did not yield any contraband.

21. Notwithstanding, defendant officers continued to detain the plaintiff at the precinct.

22. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

23. At some point following his arrest, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

24. During this meeting, defendant officers stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

25. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

26. The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

27. As a result, the prosecutors declined to prosecute the plaintiff.

28. After detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

29. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

30. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

31. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

32. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. The conduct of defendant officers, as described herein, amounted to false arrest.

34. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

36. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

38. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

39. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. Defendant officers subjected plaintiff to unreasonable search & seizure.

43. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

44. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. The conduct of defendant officers, as described herein, amounted to unlawful entry.

47. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

48. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

49. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

51. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

52. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

53. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

54. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher

and/or release of seized properties, the proper procedures for obtaining, returning, destroying and/or retaining DNA, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons, and obligation to effect an arrest only when probable cause exists for such arrest.

56. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

57. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

58. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

59. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

60. Defendant City has settled numerous lawsuits against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause, improperly obtained and/or retained their DNA, and improperly seized and/or appropriated to themselves the plaintiffs' properties and/or did not issue or provide to the plaintiffs in those cases with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the plaintiffs could reclaim their properties.

61. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

62. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs, incarcerated them, and abused and/or assaulted the plaintiffs.

63. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

64. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

65. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983

<u>SEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 6, 11, & 12 - against defendants</u>

66. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of

        laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, § 6 (providing for due process), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws), & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

68. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 6, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

69. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 6, 11, & 12 of the New York Constitution.

70. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

EIGHTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

71. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

73. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

74. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

76. The conduct of the defendants, as described herein, amounted to assault and battery.

77. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

78. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79. Defendants unlawfully entered into plaintiff's premises without any warrant, permission or consent.

80. Defendants performed a warrantless search of the premises, and subjected plaintiff to an unreasonable search and seizure.

81. The conduct of defendants, as described herein, amounted to trespass.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

85. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

86. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

87. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

89. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

90. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

91. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

93. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff

or to those in a like situation would probably result from such conduct described herein.

94. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

95. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
July 28, 2022

UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
Ugochukwu Uzoh
Attorney for the Plaintiff
56 Willoughby Street, Third Floor
Brooklyn, N.Y. 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com